IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-03286-NYW-SBP

VINCENT TERRANOVA,

    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

---

### ORDER ON MOTION TO AMEND

---

This matter is before the Court on Plaintiff's Motion for Leave to Amend His Complaint ("Motion to Amend" or "Motion"), [Doc. 35, filed February 14, 2023], filed by Plaintiff Vincent Terranova ("Plaintiff" or "Mr. Terranova"). Defendant Safeco Insurance Company of America ("Defendant" or "Safeco") filed a Response, [Doc. 38], and Plaintiff filed a Reply, [Doc. 40]. The Court finds that oral argument will not materially assist in the disposition of the Motion. Upon review of the Parties' briefing, the entire docket, and the applicable case law, this Court respectfully **GRANTS** the Motion to Amend.

### BACKGROUND

The following is based on the allegations in the Complaint and Jury Demand ("Complaint"), except as otherwise noted. *See* [Doc. 6, filed December 8, 2021]. Mr. Terranova owns real property in Morrison, Colorado, that is improved by a multistory residence built over a

basement ("Property"). [*Id.* at ¶¶ 7–8].[1] In January 2017, the Property was insured through all-risk, replacement cost value, homeowners' insurance that Mr. Terranova obtained from Safeco under Policy Number OY7555527 ("Policy"). [*Id.* at ¶ 9]. The Policy's limits were $1,400,000 for dwelling coverage, $140,000 for other structures coverage, and $700,000 for personal property coverage. [*Id.* at ¶¶ 10–12].

On or about January 31, 2017, a pipe burst in the east exterior wall of one of the Property's upper-level bedrooms, resulting in water flowing through that bedroom and down to the main level, the basement level, and the patio, eventually accumulating along the driveway ("Event"). [*Id.* at ¶ 20]. The Event damaged various parts of the Property, including the floor systems, timber framing, window framing, patio stones, and glass panes. [*Id.* at ¶¶ 21–22]. Mr. Terranova reported the Event to Safeco, which gave it the claim number 287152846039 and assigned the matter to several senior claims resolution specialists, including Nick Buller ("Mr. Buller"). [*Id.* at ¶¶ 23–24].

Safeco retained Donan Engineering Co., Inc. ("Donan"), an engineering and consulting company that works primarily in insurance defense, to assess the damage to the Property. [*Id.* at ¶ 25]. A Donan forensic engineer performed a "flawed investigation" that failed to account for several important factors. [*Id.* at ¶¶ 26–28]. Based on the engineer's report, Safeco issued its first estimate, for $132,118.79, on March 7, 2017. [*Id.* at ¶ 29]. Dissatisfied, Mr. Terranova retained a different engineering firm to evaluate the Property and then furnished its report to Safeco, which provided a second estimate, for $208,009.45, in mid-August 2017. [*Id.* at ¶¶ 31, 37–38]. Mr. Terranova later hired another engineering firm, again submitted its report to Safeco, and received

---

[1] The Court uses the convention [Doc. __] to refer to the docket entry and page number assigned by the District's Electronic Case Filing ("ECF") system, unless otherwise indicated.

a third estimate, for $218,657.51, in December 2019. [*Id.* at ¶¶ 41, 44–45]. Ultimately, "[b]ecause of Defendant's failure to consider all information presented by Plaintiff or to reasonably adjust the Claim," Mr. Terranova initiated an appraisal process pursuant to the Policy, resulting in a September 2021 appraisal award for a replacement cost of $464,465.60 and an actual cash value of $399,308.69 ("Appraisal Award"). [*Id.* at ¶¶ 48–49]. The panel that rendered the Appraisal Award "provid[ed] a line-by-line itemized scope of repairs outlining the amount of loss." [*Id.* at ¶ 51].

Mr. Terranova filed the Complaint in Colorado state court on November 12, 2021. [*Id.* at 1]. In it, he brought two state-law claims for relief: (1) unreasonable delay and denial of payment of covered benefits and (2) common law bad faith. [*Id.* at 10–13]. On December 7, 2021, Safeco removed the case to federal court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. [Doc. 1 at 3–7].[2] Safeco filed its Answer, [Doc. 11], and discovery commenced.

Pursuant to the Scheduling Order entered in March 2022, the deadline to amend the pleadings was April 22, 2022, with discovery to close on September 30, 2022. [Doc. 18 at 7]. The Parties never sought to extend the time to amend the pleadings, but the discovery cutoff (along with other deadlines) was extended several times upon motion, ultimately to February 13, 2023. [Doc. 34]; *see also* [Doc. 26; Doc. 31]. In two joint motions to amend the Scheduling Order, the Parties represented that they were "diligent" in conducting discovery. *See* [Doc. 29 at 3; Doc. 32 at 2–3].

On February 14, 2023, Mr. Terranova filed the instant Motion to Amend, seeking leave to amend the Complaint to assert a new claim for vacatur of the appraisal award, as outlined in a

---

[2] Upon removal, this matter was assigned to the Honorable Daniel D. Domenico. [Doc. 4]. The case was reassigned to the undersigned on August 4, 2022, upon her appointment as United States District Judge. [Doc. 27].

3

proposed First Amended Complaint and Jury Demand ("First Amended Complaint"). [Doc. 35]; *see also* [Doc. 35-1 at 17–19]. Safeco opposes. [Doc. 38]. The Motion is fully briefed and ripe for decision.[3]

## LEGAL STANDARD

Rules 15(a)(2) and 16(b)(4) of the Federal Rules of Civil Procedure apply when, as here, a party seeks to amend its pleading after the deadline set in the Scheduling Order. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). First, the party must establish good cause under Rule 16(b)(4). *Id.* Only if the party establishes good cause does the court turn to whether amendment is proper under Rule 15(a). *Id.* at 1242; *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

The determination of good cause under Rule 16 lies within the sound discretion of the court. Fed. R. Civ. P. 16(b)(4). Whether good cause exists focuses on the diligence of the moving party seeking leave; a party establishes good cause when she demonstrates that the deadline in the Scheduling Order could not have been met despite diligent efforts. *Pumpco*, 204 F.R.D. at 668. A party's delay in performing the necessary pretrial preparation to recognize a claim does not satisfy Rule 16(b)'s good cause standard. *See Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000).

Rule 15(a) is much more liberal. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive,

---

[3] After Plaintiff filed the Motion, the Court declined to immediately alter the dispositive motions deadline, which was March 20, 2023. [Doc. 37]. The Court noted that, should it grant the Motion to Amend, "and for good cause only, the Parties may seek leave to file a second dispositive motion." [*Id.*]. Safeco subsequently moved for summary judgment on both claims in the Complaint. [Doc. 39, filed March 20, 2023]. As the Court grants the Motion to Amend, the Parties may seek leave, on or before **August 4, 2023**, to file a dispositive motion with respect to the vacatur claim.

4

failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Under Rule 15(a), a general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay, or injustice. *See, e.g.*, *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Whether to allow amendment or to refuse to allow amendment due to futility is within the trial court's discretion. *See Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978–79 (10th Cir. 1996); *see also Frank*, 3 F.3d at 1365.

## ANALYSIS

In the Motion to Amend, Mr. Terranova represents that, before filing this action, he "suspected" that the Appraisal Award might not fully account for his window replacement costs, and therefore pursued discovery related to the appraisal process, including by subpoenaing and deposing Safeco's appraiser Mark Neufeld ("Mr. Neufeld") and the appraisal panel's umpire Roy Becker ("Mr. Becker"). [Doc. 35 at 2, 6].[4] According to Mr. Terranova, such discovery, which was completed before the discovery cutoff, revealed that Mr. Neufeld and Mr. Becker "failed to fulfill their duties in appraising the loss." [*Id.* at 2]. Mr. Terranova thus seeks to add a cause of action to vacate the Appraisal Award. [*Id.* at 4]; *see also* [Doc. 35-1 at 17–19]. He argues that good cause exists because the information underlying the amendment was not uncovered in discovery until the aforementioned depositions were completed. [Doc. 35 at 6–11]. Safeco

---

[4] Pursuant to contractual language excerpted in the Motion to Amend, whose validity or interpretation Safeco does not appear to dispute, the appraisal panel consisted of an appraiser selected by Mr. Terranova, an appraiser selected by Safeco, and an umpire jointly selected by the appraisers. [Doc. 35 at 2]; *see also* [Doc. 35-1 at ¶¶ 48–50].

5

responds that good cause is lacking because Mr. Terranova "had ample time to discover the facts and amend his Complaint to assert this cause of action months ago." [Doc. 38 at 2]. Specifically, in Safeco's view, Mr. Terranova could have sought leave to amend when he received subpoena responses in mid-2022 from members of the appraisal panel, and the Court should evaluate diligence with respect to both the discovery process and the pursuit of amendment. [*Id.* at 2–4]. Without passing on the merits of the proposed claim for vacatur, the Court respectfully finds that Mr. Terranova has shown good cause to make the proposed amendments and met his burden under the Federal Rules of Civil Procedure.

### I.     Proposed Amendment

Reviewing the briefing on the Motion, the Court concludes that the following timeline is essentially undisputed and should guide the Court's review of the Motion. On April 8, 2022, Mr. Terranova subpoenaed, among others, Mr. Neufeld and Mr. Becker. [Doc. 38-1 at 1]. On May 6, 2022, Mr. Terranova's counsel reached out to Safeco's counsel about deposing Mr. Neufeld and Mr. Becker. [Doc. 38-2 at 1]. On May 13, 2022, Mr. Terranova disclosed documents received from Mr. Neufeld and Mr. Becker pursuant to subpoena—documents that now form part of the basis for the proposed amendment. [Doc. 38-3 at 1–2]; *see also* [Doc. 35-1 at ¶¶ 61–63]. On June 2, 2022, the Parties set Mr. Neufeld's deposition for July 8, 2022, but Mr. Terranova's counsel cancelled the deposition two days before it was to take place. [Doc. 38-2 at 4, 12]. Mr. Terranova ultimately deposed Mr. Neufeld about six months later, on December 22, 2022, and then deposed Mr. Becker on January 27, 2023—with testimony from both depositions also forming part of the basis for the proposed amendment. [Doc. 35-1 at ¶¶ 67, 72]; *see also* [*id.* at ¶¶ 67–74]. The Motion to Amend was filed about two weeks later, on February 14, 2023, just after discovery closed.

As relevant here, new allegations in the proposed First Amended Complaint encompass (1) emails produced by Mr. Neufeld that were sent to the appraisal panel and "show that Mr. Neufeld was advocating for his client's position to reduce insurance coverage"; (2) deposition testimony from Mr. Neufeld suggesting that Mr. Neufeld "did not review the appraisal award estimate for accuracy" and did not know whether it included essential charges for window replacement; (3) deposition testimony from Mr. Becker suggesting that the Appraisal Award may not account for window replacement costs; and (4) a two-hour, invoiced conversation between Mr. Neufeld and Mr. Buller, Safeco's claim specialist, which, in Mr. Terranova's view, suggested that Safeco may have sought to improperly influence the appraisal panel. [*Id.* at ¶¶ 61–64, 69–70, 73–75]. These allegations are offered to support a third claim for vacatur of the Appraisal Award rendered by Mr. Neufeld, Mr. Becker, and Mr. Terranova's appraiser. In the vacatur claim, Mr. Terranova alleges that the Appraisal Award is invalid, and seeks a jury determination of the proper amount of damages. [*Id.* at 17–19].

## II.    Rule 16(b)(4)

Mr. Terranova argues that there is good cause to amend under Rule 16(b)(4) because the Motion to Amend was filed "only after completing discovery into the appraisal award and discovering all necessary facts to the amendment sought." [Doc. 35 at 6]; *see also* Fed. R. Civ. P. 16(b)(4). Safeco disputes Mr. Terranova's diligence, arguing that the real "basis" for the amendment is found in subpoena responses from May 2022, and that Mr. Neufeld unnecessarily delayed in taking the relevant depositions and seeking leave to amend. [Doc. 38 at 3–4].

First, Safeco argues that the subpoena responses received in May 2022 are the "primary basis" for the Motion to Amend, and that Mr. Terranova "has shown no reason why the testimony of either Mr. Neufeld or [Mr. Becker] was necessary to seek leave to amend." [*Id.* at 4]. However,

7

a plain reading of the proposed First Amended Complaint confirms that, in Mr. Terranova's view, "Plaintiff could not assert adequate facts to establish his claim until after Mr. Becker's deposition, where Plaintiff obtained clarification regarding Mr. Becker's involvement in the appraisal process." [Doc. 40 at 2]; *see also* [Doc. 35 at 6 ("Mr. Neufeld's deposition testimony confirmed his advocacy for his client insurer Defendant as well as his failure to confirm the accuracy of the appraisal award he signed.")]. Indeed, the proposed First Amended Complaint devotes the bulk of its allegations respecting vacatur to what the deposition testimony of each appraisal panel member allegedly reveals, and how it supports Mr. Terranova's claim. *See* [Doc. 35-1 at ¶¶ 67–71 (Mr. Neufeld), 72–74 (Mr. Becker)]. Without passing on the merits of the underlying vacatur claim, the Court finds it apparent that the claim is based on the conduct and representations of Mr. Neufeld and Mr. Becker, related to both their subpoena responses and depositions. *Cf.* [Doc. 40 at 3 ("[B]ased on the new information obtained during these depositions, Plaintiff learned that the appraisal award was not based on an accurate assessment of the damages suffered or in the manner prescribed by the insurance policy.")].[5]

Next, Safeco suggests that Mr. Terranova was not diligent in conducting discovery (specifically, by taking several months to reschedule Mr. Neufeld's deposition) or in pursuing the instant amendment. [Doc. 38 at 4]. With respect to discovery, however, the Parties jointly represented to the Court in October 2022 and January 2023 that discovery was conducted diligently. *See* [Doc. 29 at 3 ("The parties have diligently pursed discovery and complied with the original discovery deadlines."); Doc. 32 at 3 ("The parties have diligently pursed discovery and

---

[5] In theory, taking the relevant depositions could have quelled Mr. Terranova's growing "suspicions" about the Appraisal Award, obviating any need for amendment. Instead, the depositions amplified those suspicions, resulting in the proposed First Amended Complaint containing several allegations supporting vacatur that could not be based on the subpoena responses alone. *See, e.g.*, [Doc. 35-1 at ¶¶ 67–75].

complied with the original discovery deadlines. . . . Plaintiff deposed Defendant's appraiser Mark Neufeld on December 22, 2022. Plaintiff believes Mr. Neufeld's deposition has necessitated further deposition testimony from the appraisal umpire Roy Becker.")]. The Court agrees with Mr. Terranova that Safeco may not now take the opposite position regarding the very discovery process that it repeatedly deemed "diligent" without qualification. *See* [Doc. 40 at 3]. Nor is this Court inclined to second-guess the timing or sequence of discovery, in light of Rule 26(d)(3)'s admonition that, "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice[,] methods of discovery may be used in any sequence." Fed. R. Civ. P. 26(d)(3). Mr. Terranova completed the relevant depositions within the time for taking discovery, and, in light of the Parties' representations, the Court will not infer, without evidence, that he was insufficiently diligent in doing so merely because the depositions were not scheduled sooner.

With respect to the timeliness of the Motion to Amend itself, *see Bertels v. Farm Bureau Prop. & Cas. Ins. Co.*, No. 20-2298-JWB-ADM, 2021 WL 533827, at *4 (D. Kan. Feb. 12, 2021) ("Even when a party learns of new information through discovery, it must still act diligently in moving to amend."), Mr. Terranova filed his Motion approximately two and a half weeks after deposing Mr. Becker. This Court finds that such a short duration is not an unreasonable delay, considering the need to gather evidence, draft the proposed First Amended Complaint, and prepare the Motion. *See Mackey v. Watson*, No. 17-cv-01341-CMA-STV, 2019 WL 3543624, at *10 (D. Colo. Aug. 5, 2019).

For support, Safeco cites *Carrazco v. Morrison*, No. 21-cv-01277-NYW, 2022 WL 2666031 (D. Colo. July 11, 2022), in which this Court denied a motion to add a statute of limitations defense because the movant failed to adequately justify her delay. To be sure, this

9

Court deemed a deposition insufficient to explain the delay in seeking to amend, but the deposition played a very different role in the *Carrazco* movant's theory of amendment than it does here. *See id.* at *3 ("Defendant does not explain why it was necessary to wait until she received sworn testimony from Plaintiff confirming the date of the incident to move to amend her Answer *when the allegations in the operative Complaint reflect that same date*." (emphasis added)). Unlike in *Carrazco*, Mr. Terranova has explained how the depositions in this case provided new and different information, reflected in neither the initial Complaint nor in the mid-2022 subpoena responses, that helped substantiate his vacatur cause of action. *See, e.g.*, [Doc. 40 at 4]. The First Amended Complaint confirms the importance of the relevant depositions to the new allegations. *See* [Doc. 35-1 at ¶¶ 67–74].

The Court concludes that good cause exists under Rule 16(b)(4). As Mr. Terranova explains, the Motion to Amend "is only being filed after discovering, comparing and verifying all necessary facts to support the amendment based upon new evidence." [Doc. 35 at 8]. The First Amended Complaint was filed within weeks of the depositions of the critical decisionmakers whose actions are at the heart of the proposed amendments—depositions that were scheduled and rescheduled within months of the disclosures that heightened Mr. Terranova's suspicions. Mr. Terranova has provided an "adequate explanation" for his delay. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). Without regard to the merits of the proposed amendments, the Court finds that Mr. Terranova had good cause for waiting to seek leave to make them until the depositions were complete and the grounds for vacatur sufficiently investigated, in his view.

### III.   Rule 15(a)

For similar reasons, the Court finds that Mr. Terranova has demonstrated good cause to amend under Rule 15(a). *See* [Doc. 35 at 8–11]; *see also* Fed. R. Civ. P. 15(a). As discussed

above, Mr. Terranova prepared the proposed First Amended Complaint and filed the accompanying Motion to Amend shortly after completing the deposition of Mr. Becker, which completed his investigation into the Appraisal Award.  In opposing amendment, Safeco argues that Rule 15(a) is not satisfied because Mr. Terranova "was dilatory, and unduly delayed filing his Motion to Amend."  [Doc. 38 at 5].  Having respectfully disagreed with Safeco's contention that "Plaintiff had information sufficient to assert his claim challenging the appraisal award on May 11, 2022," [*id.*], the Court finds that its resolution of Safeco's arguments on Rule 15(a) is largely dictated by its discussion of those same or similar arguments with respect to Rule 16(b)(4)—especially considering the amendment-friendly allocation of the burden on Rule 15(a).  *See Minter*, 451 F.3d at 1205 ("Lateness does not of itself justify the denial of the amendment." (quotation omitted)); *see also Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009) ("The non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice.").

Safeco also argues that Mr. Terranova unduly delayed in filing the Motion to Amend because, in prior requests to amend the Scheduling Order, Mr. Terranova did not seek to extend the deadline to amend his Complaint.  [Doc. 38 at 5]; *see also* [Doc. 23; Doc. 29; Doc. 32].  But the Court recognizes that, in Mr. Terranova's view, "the exercise of due diligence was necessary to confirm the veracity of the information" produced in the subpoena responses.  [Doc. 40 at 4]. Otherwise, amendment would not be necessary at all.  Moreover, as Mr. Terranova observes, and Safeco does not contest, Safeco faces no prejudice from amendment "other than briefing this issue to its conclusion," [Doc. 35 at 9], should the Parties seek leave to file additional dispositive motions.  *Cf.* [Doc. 37].  The Court concludes that Safeco has not met its burden under Rule 15(a).

11

**CONCLUSION**

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Motion for Leave to Amend His Complaint [Doc. 35] is **GRANTED**;

(2) Plaintiff is **DIRECTED to FILE** Plaintiff's First Amended Complaint and Jury Demand, substantially in the form of [Doc. 35-1] but without redlining, by **July 31, 2023**; and

(3) No later than **August 4, 2023**, either Party may seek leave to file a dispositive motion with respect to the vacatur claim.

DATED: July 21, 2023                              BY THE COURT:

_____
Nina Y. Wang
United States District Judge